IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AMERICAN COURTS DISCIPLINARY
    MISSIONARIES[1],
      Plaintiffs,

Civ. No. \_\_\_\_\_ 316 \_\_\_\_\_

v.

United States Court of Appeals,
For 3rd Circuit,
U.S. Court of Appeals, for 4th
Circuit,
U.S. Court of Appeals for
2nd Circuit,
U.S. Court of Appeals for
Seventh Circuit, and
The Committee on Judiciary,
  House of Representatives,
    Defendants.



FILED
MAY 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Re scanned
NO IFP

## Commencement of Civil Action.

Comes Now Plaintiff, American Courts Disciplinary Missionaries, through, Gbeke M. Awala, the President, and in Suit, under 42 U.S.C. Sec. 1983 and 1985, Moves the Court, to redress, alleged procedure under 8 U.S.C. Sec. 1926 et seq, Causing to Invalidate State Laws Intended to establish that, Gbeke M. Awala, a Florida Citizen, by birth, does not Intent to relinquish his non-waivable, non-forfeitable, non-relinquishable

---

1. Gbeke M. Awala, President and founder.

right to a Compulsory Election, to Vote for his own Presidential Candidate in the Forthcoming election thereof, and that the procedure Implicates Article II and III of the U.S. Constitution and been prevented Causes him Severe pain and thereby violates the Eight Amendment's prohibition of Cruel and unusual punishments, and it is the Common passion or Interest will, in almost all Election, be it by majority of the whole, that I, Gbeke M. Awala, a Citizen by Birth in Miami-Florida, be permitted to Communicate and Concert my Votes For the form of Government, against the differences between a democracy and a republic, to check the Inducements to Sacrifice the weaker party or an obnoxious Individual, Such as the Outsteding President George W. Bush, Jr.

In Support thereof avers:

Plaintiff claims the Substantive Jurisdiction of this Court against the Defendants listed above under the Article II and III, U.S. Constitution, a Case and Controversy doctrine, to Consider his Claim and prevail over the pending Infirmity Under United States v. Awala, 04-901-KAJ (D. Del. 2006). Appeal No. 05-5479, (3rd Cir. 2007), In that Such Conviction prating against his rights to be recognize as a United States Citizen and the Cure and the efficacy which it must derive under the Federal Voting Rights Act, 42 U.S.C §1973, and the equal Protection Clause of the 5th and 14th Amendment, which Predicts that the defendants here

are wrongfully and Maliciously motivated by <u>racial animus</u> to disenfranchise the engageable State Laws of Florida Statutes, <u>382.01956</u>, a Court-Issued Birth Certificate.

Plaintiff allege that Congress didn't Intended 8 U.S.C. Sec. 1326, to prohibit any voting qualifications or Standards, In a Combination with Systemic racial discrimination in these Courts, bars Citizenship by birth.

The <u>Judicial Conference</u> of the United States, had adequately and effectively explained the purpose and Intent of these defendants under 28 U.S.C. Sec. 1291, Following a particular Direct Appeal and Article III presumptions in a Civil Rights Action. The National Voter Registration Act, which explicitly prohibits that a criminal Conviction is a basis for striking a Voters name from list of eligible Voters. See <u>Hayden v. Pataki</u>, 2d Cir. (en banc). No. 04-3886-pr (5/4/2006); <u>Johnson v. Gov of Florida</u>, 405 F.3d 1214, (11th Cir. 2005); <u>Farrakhan v. Washington</u>, 378 F.3d 1029 (9th Cir. 2003).

However, the title 8 U.S.C. Sec. 1326, did not garner any principles, that Congress made it clear on Intent to balance or Innplicate the State Laws, In its applicability In the Voting Rights Context.

In this perilous Situation Into which these Courts of Appeals's preeminence over the forthcoming November 2008, presidential election, and prating against an equal Citizenship privilege to vote in

-3-

Said election, these defendants violates 42 U.S.C. Sec. 1985(3), Constitutes, a Conspiracy, for the purpose of depriving, Gbeke M. Awala, directly and Indirectly the equal protection of the laws and equal privileges and Immunities under the 14th Amend. Sec. 1. "All persons born in the United States are Citizens." and deprivation that Causes Injury under 42 U.S.C. Sec. 1973, the Federal Voting Rights. See. United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825 (1983). Roffman v. City of New York, 2002 WL 31760245 at *6 (S.D.N.Y. 2002). Accordingly, the factual basis of all listed defendants in this Action, from 3rd Circuit, Chief Anthony J. Scirica, they entered Into an agreement to achieve the unlawful end. "IF it be the will of Heaven that I should fall upon the United States, by my Mothers womb, in Miami-Florida, it be not Called down by offensive Acts of these defendants, through the U.S. Attorney Colm F Connolly, and offensive Acts of Beth Moskow.

Finally, fair enough, the theory above and allegation above is not without applicability to Significant Segments of our Society, it has value, for it provides an Important perspective upon actual practice, it throws Into relief the defendants failures to realize the non-waiveable, non-forfeitable, non-relinquishable Birthright, and the Conditions I have stipulated under the Voting Rights Act. Accordingly, the American Courts Disciplinary Missionaries, will assist Us in Sensitive and Intelligent forbearance from putting our Moral Imprimatur upon Practices and made formal acceptable. This action Preceded under 28 U.S.C. § 1915. See: Abdul-Akbar v McKelvie, 239 F.3d 307 (3rd Cir. 2001).

Submitted under 28 U.S.C. § 1746.

Dated 5/12/08                    For: ACDM: Respectfully Submitted
                                 Gbeke M. Awala, 82204-054

Gbeke M. Awala,
No. 82674-054
U.S. P Canaan
P.O. Box 300
Waymart, PA 18472

SCRANTON PA 185
21 MAY 2008 PM 2 L

Hon. Joseph J. Farnen, Jr.
District Judge
U.S. District Court
For The District of Delaware
844 N. King Street, lockbox 18
Wilmington, DE 19801-3570

Legal mail: